UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PEDRO LAZU,

                              Plaintiff,

                                                                <u>DECISION AND ORDER</u>

                                                                 08-CV-6344L

           v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.
_____

Plaintiff appeals from a denial of disability insurance benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

On February 24, 2005, plaintiff, then 37 years old, filed an application for a period of disability and disability insurance benefits, as well as an application for supplemental security income benefits, under Titles II and XVI of the Social Security Act. Plaintiff alleged an inability to work since May 1, 2001, due to shoulder and arm disorders – specifically, shoulder pain and inability to lift more than thirty pounds – and depression. (T. 57-59, 62-71). His applications were initially denied.

Plaintiff requested a hearing, which was held on February 12, 2008 before Administrative Law Judge ("ALJ") John P. Costello. (T. 13). The ALJ issued a decision on March 31, 2008,

concluding that plaintiff was not disabled under the Social Security Act. (T. 13-21). That decision became the final decision of the Commissioner when the Appeals Council denied review on June 24, 2008. (T. 3-7). Plaintiff now appeals. Plaintiff has moved for summary judgment reversing the Commissioner's decision (Dkt. #7) or in the alternative, for remand of the matter for further proceedings pursuant to Sentence 6 of 42 U.S.C. § 405(g). (Dkt. #13). The Commissioner has cross moved for summary judgment affirming the Commissioner's denial of benefits. (Dkt. #10).

## DISCUSSION

In determining whether a claimant is disabled within the meaning of the Social Security Ac, an ALJ follows a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 CFR §404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities. 20 CFR §404.1520(c). If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. If the claimant's impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled. If not, analysis continues to step

four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f). Then, the ALJ determines whether the claimant's RFC permits her to perform the requirements of her past relevant work. If so, the claimant is not disabled. If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)). *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) *quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's

decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

ALJ Costello's findings are set forth in a nine-page decision analyzing plaintiff's claim of disability, which includes detailed findings of fact. Upon review of the record, I believe that the ALJ applied the correct legal standards, and that his finding that plaintiff is not totally disabled is supported by substantial evidence.

The ALJ listed the relevant medical evidence, particularly with respect to plaintiff's shoulder and arm impairment and depression, which he determined constituted a severe impairment not meeting or equaling a listed impairment. I believe the evidence supports the ALJ's conclusion that plaintiff, then a thirty-three year-old man with a limited tenth-grade education and past employment as a delivery man, was not totally disabled, due to the ALJ's finding at step three that plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work, as defined in 20 CFR 404.1567(b) and 416.967(b).

In determining plaintiff's RFC, the ALJ considered, inter alia, plaintiff's treatment notes for arm and shoulder conditions. In January 2002, plaintiff underwent arthroscopic debridement (removal of damaged tissue) of the right acromioclavicular joint (T. 122, 138) in his right shoulder and was cleared to return to light-duty work on March 26, 2002. (T. 120). On June 4, 2002, treating orthopedist Dr. Colman found that plaintiff had regained the full range of motion in his right shoulder, with minimal discomfort. (T. 115). Subsequent medical records and reports from both treating and examining physicians consistently reflect a diagnosis of right

shoulder tendonitis, causing pain, numbness and diminished strength (able to lift 30 pounds or less) in the right shoulder and arm, as well as possible tendonitis of the left shoulder (T. 111-112), with no loss of sensitivity, range of motion or reflexes in either shoulder or arm. (T. 158, 159). Plaintiff reports that he is able to perform fine fingering tasks such as fastening buttons and zippers, perform part-time work as a dishwasher, engage in household tasks such as cooking, cleaning, doing laundry, shopping, caring for his children, and socializing with friends. (T. 157-158).

Based on this record, the ALJ determined that plaintiff retained the residual functional capacity to perform a full range of light work, defined as involving lifting of no more than twenty pounds at a time and the frequent lifting and carrying of objects weighing up to ten pounds, with some pushing or pulling required. *See* 20 C.F.R. §404.1567(b). I find that this determination is supported by the substantial evidence.

Plaintiff urges that the ALJ should have given controlling weight to letters from plaintiff's treating orthopedist and psychotherapist. Orthopedist Dr. Canario opined in letters dated January 4, 2008 and April 1, 2008 that plaintiff was unable to work due to "constant pain and . . . limited range of motion of his right shoulder." (T. 232, 253). On January 9, 2008 plaintiff's treating psychoanalyst, Dr. Comisar, relying largely on the initial "out of work" recommendation by Dr. Canario, recommended that plaintiff remain out of work for two months because plaintiff's 'psychiatric condition is very much related to his medical condition." (T. 231).

An ALJ is required to afford controlling weight to the opinions of treating physicians, only insofar as those opinions are: (1) well-supported by medically acceptable clinical and laboratory diagnostic evidence; and (2) not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The opinions of Dr. Canario and Comisar concerning plaintiff's ability to work as of January 2008 are not supported by any contemporaneous clinical findings or diagnostic reports. Moreover, they are inconsistent with substantial evidence in the record, including a contemporaneous report from a treating physician's assistant, dated January 9, 2008, stating that plaintiff was cleared to return to work with a ten-pound lifting restriction (T. 230), as well as examination reports by Dr. Canario just a few weeks earlier, which noted that plaintiff's shoulder had a good range of motion in all directions, and that Feldene, an anti-inflammatory medication prescribed to minimize plaintiff's left shoulder tendinitis, was helping relieve plaintiff's discomfort. (T. 236-243). As such, I find that ALJ properly rejected the unsupported correspondence which followed.

I also find that the ALJ's conclusion that plaintiff's allegations of disabling pain and depression were not fully credible was supported by substantial evidence in the record. Plaintiff's subjective complaints of pain conflict with the consistent reports of his treating and examining physicians, showing full range of motion, mild tenderness, insignificant crepitation (grating or popping sensation in the joints), and little muscle atrophy in the affected shoulder, as well as plaintiff's own statements to his physician that his pain was "not that significant," could be borne without pain medication, and had been improved with medication, physical therapy, and steroid injections. (T. 89, 111-115, 117, 120-122, 127-128, 131-132, 141-142, 147, 192, 235,

237, 241, 244, 253-65). Similarly, plaintiff's complaint of depression is inconsistent with his reports of daily living, including socializing "as often as possible" with few difficulties in getting along with others, and engagement in part-time employment. (T. 74-77).

Taken together, the plaintiff's medical records and treating and examining physician reports simply do not support his claim that he is totally disabled. As such, I concur with the ALJ and conclude that there is substantial evidence to support his determination that plaintiff retained the residual functional capacity to perform the full range of light work, and was therefore not disabled pursuant to Medical-Vocational Rule 202.16. *See* 20 C.F.R. Part 303, Subpt. P, App. 2. *See generally Rosa*, 168 F.3d 72 at 78 ("[i]n the ordinary case, the Commissioner meets his burden [to demonstrate substantial gainful work which exists in the national economy and which plaintiff can perform] by resorting to the applicable medical vocational guidelines"). As such, I find no reason to modify the ALJ's decision.

## CONCLUSION

The Commissioner's cross motion for summary judgment (Dkt. #10) is granted, and plaintiff's motions for reversal and remand of the Commissioner's decision (Dkt. #7, #13) are denied. The Commissioner's decision that plaintiff, Pedro Lazu, was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 17, 2009.